# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROBERT GALLAGHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 6413 |
| v. | ) |
| | ) |
| DAVID GENTILE, JASON BOYER, | ) Judge Thomas M. Durkin |
| THREE UNKNOWN POLICE OFFICERS, | ) |
| and THE VILLAGE OF LEMONT, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Robert Gallagher brought this action under 42 U.S.C. § 1983 and Illinois law after being issued traffic citations that ultimately led to a trial in state court. Defendant Officers David Gentile and Jason Boyer and the Village of Lemont, Illinois (the latter, "the Village," and all three collectively, "Defendants") moved to dismiss Gallagher's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 36. For the following reasons, that motion is granted in its entirety.

## Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

This action arises out of traffic citations issued to Gallagher on two occasions in 2017. The facts recounted here are drawn from Gallagher's complaint and the additional documents and CD-ROMs containing police video of the traffic stops that were included with Gallagher's response brief.[1]

---

[1] The parties debate whether the Court may consider materials submitted by Gallagher in response to Defendants' motion. The Seventh Circuit permits a party opposing a motion to dismiss to "submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). But such materials must be relevant to and consistent with the pleadings. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, 313 F. Supp. 3d 931, 939 n.1 (N.D. Ill. 2018) (considering new factual allegations in opposition brief "*only* to the extent that they are relevant and actually consistent with the Complaint's

At about 11:00 p.m. on August 31, 2017, Gallagher, an Indiana resident, was driving his 1977 Lincoln Mark V from the parking lot of a grocery store to his garage in the Village when Officer Gentile pulled him over. Officer Gentile explained to Gallagher that he stopped him because his vehicle bore a 1978 state of Indiana license plate without evidence of registration. Gallagher then told Officer Gentile: (1) that Indiana—the state in which his vehicle was registered—allowed a "model year" plate without evidence of registration; (2) that Illinois grants reciprocity to Indiana's laws regarding historic vehicles and model year plates; and (3) that Illinois's laws regarding model year plates and registration were basically the same. Gallagher showed Officer Gentile a copy of both the Illinois and Indiana laws allowing older vehicles to bear "model year" license plates under certain circumstances. Gallagher had shown Officer Gentile the same laws about a month prior. At that time, Officer Gentile advised Gallagher to display his current license plate going forward, and did not issue a citation. This time, Officer Gentile discussed with his colleagues whether Gallagher's vehicle was in compliance with Illinois statutes, and decided that it violated more than one. But rather than issuing Gallagher a citation for a more serious violation classified as a misdemeanor, Officer Gentile issued Gallagher only a traffic ticket for failure to display a registration sticker as required by 625 ILCS 5/3-413(b) (the "Illinois registration display statute"). According to Gallagher, the citation was issued in retaliation for Gallagher previously having admonished Officer

allegations") (emphasis in original). Here, the documents and CD-ROMs are consistent with Gallagher's allegations, so the Court considers them.

Gentile for harassing children at a local McDonald's restaurant, and because Officer Gentile did not like "model year" plates.

On October 19, 2017, Gallagher was stopped by Officer Boyer for speeding. In the course of the stop, Officer Boyer asked Gallagher about his 1978 license plate, and for proof of insurance (which Gallagher could not produce). Gallagher again presented a copy of the Illinois and Indiana laws regarding historic vehicles and "model year" license plates and explained how he was in compliance. In the end, Officer Boyer issued Gallagher citations for: (1) speeding; (2) operating an uninsured vehicle; and (3) failure to display a registration sticker.

According to Gallagher, of the four citations issued to him in 2017, one proceeded to a jury trial in which Gallagher prevailed, and the others were resolved in his favor on pretrial motions.

Gallagher then filed this lawsuit. While far from a model of clarity, and despite that the allegations also implicate the Village's mayor, a prosecutor, and a state court judge, Gallagher's complaint names only Officers Gentile and Boyer, three unknown police officers, and the Village as defendants. His complaint purports to state claims for: malicious prosecution (Counts I-III); extortion/intimidation (Counts IV and V); attempted obstruction of justice (Count VI); negligence (Count VII); false arrest and imprisonment (Count VIII); aiding as an accessory in furtherance of a crime (Count IX); and failure to intervene (Count X). R. 1. Defendants moved to dismiss all counts for failure to state a claim. R. 36.

## Analysis

I. **Federal Claims**

*False arrest/imprisonment (Count VIII).* Gallagher seeks relief under Section 1983 for false arrest and imprisonment in connection with both traffic stops, claiming the officers detained him without consent or probable cause. *See generally* R. 1, Count VIII. "The Fourth Amendment prohibits unreasonable searches and seizures, but the existence of probable cause renders traffic stops and resulting warrantless arrests permissible." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016). Indeed, probable cause "is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest[ or] false imprisonment." *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). Further, "probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). The parties vigorously debate whether there was probable cause for the stops and citations issued here.

Probable cause exists when "the facts and circumstances within [the officer's] knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007) (citations and internal quotations omitted). Probable cause is not evaluated based upon "the facts as an omniscient observer would perceive them;" instead, the Court considers the facts "as

5

they would have appeared to a reasonable person in the position of the arresting officer." *Williamson v. Curran*, 714 F.3d 432, 441 (7th Cir. 2013)). As such, "[t]he probable cause inquiry is an objective one," *Huff v. Reichert*, 744 F.3d 999, 1007 (7th Cir. 2014), and the officer's subjective motivations are irrelevant. *Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012). Further, "[t]he probable-cause standard inherently allows room for reasonable mistakes." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013). When the facts of what happened are not in dispute, the probable cause determination is a question of law. *United States v. Carlisle*, 614 F.3d 750, 754 (7th Cir. 2010).

> Here, the Illinois registration display statute provides in relevant part:
>
> Registration stickers issued as evidence of renewed annual registration shall be attached to registration plates as required by the Secretary of State, and be clearly visible at all times.

625 ILCS 5/3-413(b). Both traffic stop videos show that the license plate on Gallagher's vehicle lacked evidence of registration, in clear violation of the Illinois registration display statute. Accordingly, the officers had probable cause to stop and cite him.

Gallagher nevertheless argues that probable cause did not exist because the officer defendants were out to get him, both because he had confronted them before and because they did not like "model year" license plates. But an officer's subjective motivation is irrelevant, so this argument fails. *See Whren v. United States*, 517 U.S. 806, 810 (1996) (constitutional reasonableness of traffic stops do not depend on the "actual motivations of the individual officers involved").

6

Next, Gallagher argues that he complied with both the Illinois and Indiana statutes regarding antique or collector vehicles and "model year" plates, and that those statutes effectively "trump" the more general registration display statutes. While the relevant Illinois statute allows a motorist to display a so-called "model year" plate under certain circumstances, the allegations and videos indicate that Gallagher did not satisfy its requirements. The statute states:

> Any person who is the registered owner of an antique vehicle may display a historical license plate from or representing the model year of the vehicle, furnished by such person, in lieu of the current and valid Illinois antique vehicle plates issued thereto, provided that valid and current Illinois antique vehicle plates and registration card issued to such antique vehicle are simultaneously carried within such vehicle and are available for inspection.

625 ILCS 5/3-804(b). But the statute also requires that the owner of such an antique vehicle first register it as such. *See* 625 ILCS 5/3-804(a) (permitting the owner of an antique vehicle to register it for an antique plate) and 625 ILCS 5/3-804(b) (permitting only registered owners of antique vehicles to display a "model year" license plate). And it limits the owner of such a vehicle to driving it on the highway only "for the purpose of going to and returning from an antique auto show or an exhibition, or for servicing or demonstration." 625 ILCS 5/3-804(a). Gallagher concedes that his vehicle was not registered in Illinois (as an antique vehicle or otherwise), and the August 31, 2017 video demonstrates that Gallagher had driven it to a grocery store, not strictly to an exhibition or for repair. So this statute does not help.

Gallagher next points out that Indiana has a similar antique vehicle statute, with which he was also in compliance.[2] But the fact that Gallagher may have been in compliance with *Indiana* law does not mean that probable cause did not exist to stop Gallagher for non-compliance with *Illinois* law. And the Defendant officers were not obliged to accept Gallagher's explanation that he was in compliance with Indiana law or assume that he was correct that Illinois grants reciprocity. *See United States v. Simpson*, 520 F.3d 531, 538 (6th Cir. 2008) ("[I[f this court were to adopt [the plaintiff's] reasoning—that the laws of the state of registration apply—it would essentially require police officers to be knowledgeable of fine details of the laws governing the display of license plates in all fifty states. We are unwilling to impose such an unrealistic burden on law enforcement."). In the end, "[t]he probable cause standard requires that the officer's belief be reasonable, not that it be correct." *Huff*, 744 F.3d at 1007; *see also Hernandez v. Sheahan*, 455 F.3d 772, 775 (7th Cir. 2006) ("Police are entitled to act on information that may be inaccurate and let the courts determine whether to credit a suspect's claim of innocence. All the police need is probable cause, which is well short of a certainty."). Here, Gallagher was clearly in violation of the Illinois law for which he was cited. Accordingly, because the officers had probable cause to stop and issue citations to Gallagher, Count VIII is dismissed.[3]

---

[2] IC 9-18.5-34.3 permits the owner of a registered collector vehicle to display a "model year" license plate provided the current registration certificate is "kept at all times in the collector vehicle" and "made available for inspection upon the demand of a law enforcement officer."

[3] Even if no probable cause existed, Gallagher's claims still would be barred by qualified immunity, which "affords an added layer of protection by shielding officers from 'suits for damages if a reasonable officer could have believed [the arrest] to be

***Malicious prosecution (Counts I-III).*** Gallagher also brings a malicious prosecution claim under Section 1983. R. 1 at 7 (discussing malicious prosecution counts and indicating that "Defendants are charged under Title 42 of the United States Code Section 1983"). But any such claim must proceed under Illinois law (which Gallagher cites and therefore is addressed below). *See Ray v. City of Chi.*, 629 F.3d 660, 664 (7th Cir. 2011) (affirming dismissal of Section 1983 malicious prosecution claim because "Illinois law recognizes tort claims for malicious prosecution" and Section 1983 malicious prosecution suits are allowed only "when the relevant state's law does not provide them with a way to pursue such claims"). Counts I-III are dismissed with prejudice to the extent based on Section 1983.

***Negligence (Count VII).*** Although unclear from his complaint, Gallagher's response brief clarifies that his negligence claim—in which he alleges that the officer Defendants breached their duty of care by deliberately issuing fictitious tickets—is also brought under Section 1983. R. 40 at 12. But "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan,* 443 U.S. 137, 146 (1979). This claim is also dismissed with prejudice.[4]

---

lawful, in light of clearly established law and the information the [arresting] officers possessed." *Abbott*, 705 F.3d at 714 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)); *see also Thayer*, 705 F.3d at 251 (qualified immunity presents an "absolute bar" to a Section 1983 false arrest claim).

[4] Further, Gallagher's negligence claim would fail even if construed under state law. Illinois's Local Governmental and Governmental Employees Tort Immunity Act provides that police officers are not liable for negligence in the performance of their duties "unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Gallagher's negligence claim bears some of the hallmarks of a willful and

***Obstruction of justice/due process (Count VI).*** In his obstruction of justice claim, Gallagher alleges that "the defendant Village of Lemont's [sic] and its agents attempt[ed] to tell the state district court that '*Illinois has no reciprocation agreement between the state of Indiana and Illinois, moreover, they strictly honor only Illinois law.*'" R. 1 at 11 (emphasis in original). But this claim—which Gallagher indicates was intended to sound in due process, R. 40 at 9-10—merely recasts his Fourth Amendment false arrest and malicious prosecution claims, and is not cognizable. *See Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009) ("A plaintiff cannot state a due process claim by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim"); *see also McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (claim stemming from use of false evidence or testimony is "in essence" a malicious prosecution rather than due process claim). Further, to the extent Gallagher contends that any Defendant committed perjury before the state court (assuming any Defendant gave testimony to begin with, which is unclear), the officers enjoy absolute immunity for such testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 328

---

wanton conduct claim. But it is merely a regurgitation of his malicious prosecution claim (described *infra* and more properly characterized as such) and fails for that reason. *See* R. 1 at 13 (describing negligence claim as concerning the filing of "knowingly phony charges in the state district court" and "fail[ure] to stand down"); *see also DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) (noting that duplicative counts are properly dismissed and that counts are duplicative if "based on the same operative facts and the same injury"); *Maglaya v. Kumiga*, 2015 WL 4624884, at *10 (N.D. Ill. Aug. 3, 2015) (dismissing conversion and trespass claims as duplicative because they "involve the same set of operative facts, allege the same injury, and . . . are themselves indistinct").

(1983) ("all witnesses—police officers as well as lay witnesses—are absolutely immune from civil liability based on their testimony in judicial proceedings."). Count VI is dismissed with prejudice.

*Failure to intervene (Count X).* Gallagher also brings a claim against the unknown officers for failing "to stop the drafting of the fictitious charge of no license plate sticker." R. 1 at 15. But to state a claim for failure to intervene, Gallagher must allege that: (1) an underlying constitutional violation occurred; (2) the officer knew that Gallagher was being unjustifiably arrested; and (3) the officer had a realistic opportunity to prevent the harm from occurring. *Lindsey v. Orlando*, 232 F. Supp. 3d 1027, 1034 (N.D. Ill. 2017) (citing *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) and *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). As discussed, Gallagher has not plausibly alleged a constitutional violation, so Count X is dismissed.[5]

---

[5] Although not among Gallagher's enumerated counts, the complaint also bears some hallmarks of a claim against the Village under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and suggests a claim for a Section 1983 conspiracy between Officers Gentile and Boyer, the Village mayor, and the prosecutor in the traffic citation cases. *See, e.g.*, R. 1 at 2 ("Lemont has a custom or policy to illegally violate the constitutional rights under the color of law against anyone they do not like for any reason. And to commit the same offences [sic] again and again, continuously"); *see also id.* at 14 (suggesting that the actions of "Boyer, the mayor, and the prosecutor" may "rise to the level of conspiracy"). But to proceed on either claim, Gallagher must plausibly allege a constitutional violation. *See Schor v. City of Chi.*, 576 F.3d 775, 779 (7th Cir. 2009) ("In order to support [a *Monell*] claim, however, the plaintiff must begin by showing an underlying constitutional violation"); *see also Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017) ("Section 1983 does not reach a conspiracy to deny a civil right in the absence of an actual denial of such a right."). He has failed to do so.

## II. State Law Malicious Prosecution Claim

As explained *supra*, Gallagher contends that he was maliciously prosecuted for three of the traffic citations he was issued—two for failure to display a registration sticker and one for speeding—because Defendants knew he did not commit any traffic violation but issued and pursued the citations anyway. R. 1 at 5. That claim failed under Section 1983 and fails under Illinois law, too. To state a claim for malicious prosecution in Illinois, the plaintiff must allege that: (1) the defendants commenced judicial proceedings for which no probable cause existed; (2) the proceedings were instituted or continued maliciously; (3) the proceedings were terminated in his favor; and (4) he sustained an injury. *Barrow v. Blouin*, 38 F. Supp. 3d 916, 922 (N.D. Ill. 2014) (citing *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998)).

The parties' arguments center around probable cause, which, if present, provides a complete defense to an Illinois malicious prosecution claim. *Grundhoefer v. Sorin*, 2018 WL 3359077, at *3 (Ill. App. Ct. 2018). But the Court's conclusion that probable cause existed to stop and cite Gallagher does not automatically bar his malicious prosecution claim. Indeed, "the existence of probable cause may change as a case evolves." *Patrick v. City of Chi.*, 213 F. Supp. 3d 1033, 1056 (N.D. Ill. 2016). The relevant time for determining probable cause in the context of an Illinois malicious prosecution claim is "when the charging document is filed." *Holland v. City of Chi.*, 643 F.3d 248, 254 (7th Cir. 2011) (citing *Porter v. City of Chi.*, 912 N.E.2d 1262, 1274 (Ill. App. Ct. 2009)). But when there is probable cause for the arrest, to proceed on a malicious prosecution claim against the arresting officer, the plaintiff

must allege a post-arrest action by the officer that influenced the prosecutor's decision to proceed. *Colbert v. City of Chi.*, 851 F.3d 649, 655 (7th Cir. 2017) (citing *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 902 (7th Cir. 2001)); *see also Starks v. City of Waukegan*, 123 F. Supp. 3d 1036, 1061 (N.D. Ill. 2015) ("even if [the officer defendants] had probable cause to *arrest* Starks, they still can be liable for malicious prosecution if they 't[ook] an active part in the[ ] prosecution *after* learning that there [wa]s no probable cause for believing the accused guilty.'") (quoting *Adams v. Sussman & Hertzberg, Ltd.*, 684 N.E.2d 935, 945 (Ill. App. Ct. 1997) (internal citations omitted)).

The Court is unable to discern from Gallagher's complaint whether Officers Gentile or Boyer (or the unknown officers) did anything to influence the prosecutor's decision to proceed with the traffic citations after issuing them. Indeed, the complaint alleges that "the defendants knowingly caused to be instituted, (and pursued) <u>three</u> illegal actions of both civil and criminal charges . . . through an absurdity of issuing three knowingly false charges by two different defendants." R. 1 at 5 (emphasis in original). And while the complaint states that "the defendants told the [state court] that Indiana did <u>not have</u> a reciprocating agreement with the state of Illinois when they clearly knew that the two states <u>did have</u> such an agreement concerning vehicle license plate laws," *id.* at 12 (emphasis in original), it also indicates that it was the "defendant's agent prosecutor" who made the statement, not any of the named

13

Defendants in this case. Accordingly, Gallagher's state law malicious prosecution claim also fails, and Counts I-III are dismissed.[6]

### III. Criminal Law Claims

Finally, Gallagher purports to bring private causes of action under the Illinois criminal statue for intimidation (Counts IV-V), 720 ILCS 5/12-6, and for aiding and abetting (Count IX), again alleging that Officers Gentile and Boyer issued "fictitious tickets" and that Defendants (as well as the Village's mayor and police chief, neither of which are named defendants) refused to "stand down" on the traffic citations or intervene to stop their issuance or prosecution despite Gallagher's warnings. However, there is generally no private right of action under criminal statutes unless specifically authorized. *See Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action."); *Cabrera v. World's Finest Chocolate, Inc.*, 2004 WL 1535850, at *7 (N.D. Ill. July 7, 2004) ("No civil action is authorized under 720 Ill. Comp. Stat. 5/12-6); *Bilal v. Wolf,* 2009 WL 1871676, at *7 (N.D. Ill. June 25, 2009) ("a victim of a crime does not have standing to seek the prosecution of the person who committed the offense"). And to the extent Gallagher

---

[6] Nor is it clear how each of the citations at issue was resolved. While Gallagher does allege that Defendants were "sharply defeated in pretrial motions and a jury trial," R. 1 at 4, he does not describe which charges were resolved in which manner, or whether the ruling on the pretrial motions were on the merits. *See* R. 1 at 5 (indicating only that three of the "false charges were defeated in pretrial motions, and the fourth was defeated by a jury trial in spite of the courts [sic] best efforts to corrupt that trial").

14

intended to allege a violation of a state statute as a basis for a Section 1983 claim, such a claim is not actionable. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 does not provide a remedy for violations of state statutes and regulations). Accordingly, Counts IV, V and IX are dismissed with prejudice.[7]

**Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss, R. 36, in its entirety. Except for those claims dismissed with prejudice (i.e., Gallagher's criminal law claims and Section 1983 claims for malicious prosecution, negligence and obstruction of justice), if Gallagher believes he can cure the deficiencies identified here, he may move for leave to file an amended complaint within 30 days. The motion should be supported by a brief of no more than ten pages describing how the proposed amended complaint cures the deficiencies in Gallagher's initial complaint. If Gallagher fails to timely file such an amended complaint and motion, or fails to timely seek an extension of time in which to do so, this action will be dismissed with prejudice.

---

[7] Further, even if the alleged representations about the "reciprocating" agreement could be construed as "fabricated evidence" for purposes of a Section 1983 due process claim (which the Court doubts), Gallagher still must allege that such "evidence" resulted in the deprivation of a constitutional liberty. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015). But he has not. Indeed, traffic stops do not constitute a deprivation of liberty, and nor does the burden of appearing in court or attending trial. *Id.* at 561 (defendant who was arrested and released on bond that same day was not deprived of any liberty); *see also Alexander v. McKinney*, 692 F.3d 553, 557 (7th Cir. 2012) ("It would be anomalous to hold that attending a trial deprives a criminal defendant of liberty without due process of law, when the purpose of the trial is to effectuate due process.").

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: January 13, 2020