UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GALLAGHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 6413 |
| v. ) | |
| ) | |
| DAVID GENTILE, JASON BOYER, ) | Judge Thomas M. Durkin |
| THREE UNKNOWN POLICE OFFICERS, ) | |
| and THE VILLAGE OF LEMONT, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Robert Gallagher brought this action against defendant police officers David Gentile and Jason Boyer and the Village of Lemont, Illinois (the latter, "the Village," and all three collectively, "Defendants") after being issued traffic citations that ultimately led to a trial in state court. Gallagher moved for leave to file an amended complaint after the Court dismissed his original complaint in its entirety. R. 61. For the following reasons, that motion is denied, and this case is terminated.

**Standard**

"Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend h[is] complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] when justice so

requires." Fed. R. Civ. P. 15(a)(2). "The terms of the rule, however, do not mandate that leave be granted in every case," *Park v. City of Chi.*, 297 F.3d 606, 612 (7th Cir. 2002), and amendment will not be permitted where it would be futile, *Airborne Beepers & Video, Inc. v. AT&T Util. LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile: "[1] when it 'merely restates the same facts using different language, or reasserts a claim previously determined;' [2] when it 'fails to state a valid theory of liability;' or [3] when it 'could not withstand a motion to dismiss.'" *Villars v. Kubiatowski*, 128 F. Supp. 1039, 1043 (N.D. Ill. 2015) (quoting *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)).

**Background**

The Court assumes familiarity with the underlying facts, which are recounted in more detail in the Court's order dismissing Gallagher's original complaint ("Dismissal Order"), R. 57, but are reviewed briefly here for completeness. The Court notes that some of the facts are drawn from the additional documents and CD-ROMs containing police video of the traffic stops that Gallagher included with this motion and in connection with Defendants' motion to dismiss his original complaint.

At about 11:00 p.m. on August 31, 2017, Gallagher, an Indiana resident, was driving his 1977 Lincoln Mark V to his garage in the Village where he worked restoring cars when Officer Gentile pulled him over. Officer Gentile explained to Gallagher that he stopped him because his vehicle bore a 1978 state of Indiana license plate without evidence of registration. Gallagher responded by telling Officer Gentile

2

that: Indiana—the state in which his vehicle was registered—allowed a "model year" plate without evidence of registration; Illinois grants reciprocity to Indiana's laws regarding historic vehicles and model year plates; and Illinois's laws regarding model year plates and registration were basically the same. Gallagher showed Officer Gentile copies of both states' laws allowing older vehicles to bear "model year" license plates under certain circumstances, as he had done when the two men had interfaced about a month prior. At that time, Officer Gentile had advised Gallagher to display his current license plate going forward, and did not issue a citation. This time, having decided that Gallagher's vehicle violated more than one Illinois statute, Officer Gentile issued Gallagher a traffic ticket for one of them: failure to display a registration sticker as required by 625 ILCS 5/3-413(b) (the "Illinois registration display statute"). Gallagher believes the citation was in retaliation for having previously admonished Officer Gentile for harassing children at a local McDonald's restaurant, and because Officer Gentile did not like "model year" plates.

Gallagher was stopped again on October 19, 2017, this time by Officer Boyer for speeding. In the course of the stop, Officer Boyer asked Gallagher about his license plate and for proof of insurance (which Gallagher did not produce). Gallagher again presented a copy of the Illinois and Indiana laws regarding "model year" license plates and explained how he was in compliance. Officer Boyer issued Gallagher citations for: (1) speeding; (2) operating an uninsured vehicle; and (3) failure to display a registration sticker.

3

Of the four citations issued to Gallagher in 2017, the speeding citation proceeded to a jury trial in which Gallagher prevailed, and the others were resolved in Gallagher's favor on pretrial motions.

Gallagher then filed this lawsuit, naming Officers Gentile and Boyer, three unknown police officers, and the Village as defendants. His original complaint included claims for: malicious prosecution; extortion/intimidation; attempted obstruction of justice; negligence; false arrest and imprisonment; aiding as an accessory in furtherance of a crime; and failure to intervene. R. 1. The Court granted Defendants' motion to dismiss in its entirety, dismissing several of Gallagher's claims with prejudice, and specifically concluding from the evidence Gallagher submitted that the defendant officers had probable cause to stop and ticket Gallagher. R. 57 at 6. Nevertheless, the Court gave Gallagher the opportunity to move to amend his complaint, and directed him to include with any such motion a copy of the proposed amended pleading and a brief explaining how it cured the defects. Gallagher did move to amend. But rather than include a separate brief and proposed pleading as directed, Gallagher submitted a proposed pleading that includes legal argument, and purports to allege claims under: the First Amendment (Counts I and VI); the Ninth Amendment (Count II); the Fifth Amendment (Counts III and VII); the Fourteenth Amendment (Count IV and VII); the Fourth Amendment (Count V); and 18 U.S.C. § 241 for criminal conspiracy. In addition to the above-captioned defendants, Gallagher also seeks to include as defendants a fourth unknown police officer and the Village's mayor.

4

**Analysis**

**I.     First Amendment (Counts I and VI)**

In Counts I and VI, Gallagher alleges that Defendants: (1) issued false traffic tickets to him in retaliation for exercising his right to free speech; and (2) violated his right to redress grievances. But even if the mere display of historical plates can be considered protected speech, Gallagher may seek relief for First Amendment retaliation only if "non-retaliatory grounds are in fact insufficient to provoke the adverse consequences." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). The Court previously determined from the police videos Gallagher submitted that there was probable cause to make the traffic stops and issue the tickets. Therefore, any retaliation claim would fail. *See Nieves*, 139 S. Ct. at 1724 (a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause of the arrest").

Gallagher also suggests that he was denied his First Amendment right to petition the government for redress of grievances because the Court relied on the defendant officers' claims of probable cause in dismissing his claims. But it was the evidence Gallagher himself submitted that caused the Court to draw that conclusion, not any bare assertion. Moreover, that Gallagher was able to invoke the judicial process in the first place means that his right to redress grievances was not infringed. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, any First Amendment claim would be futile.

5

## II. Ninth Amendment (Count II)

Gallagher next claims the defendant officers violated his Ninth Amendment right to travel freely on public lands by issuing the tickets. But the Ninth Amendment "is not a source of substantive constitutional rights." *Rothner v. City of Chi.*, 725 F. Supp. 945, 949 (N.D. Ill. 1989); *see also Quilici v. Vill. of Morton Grove*, 695 F.2d 261, 271 (7th Cir. 1982) ("our research has not revealed[ ] any Supreme Court case holding that any specific right is protected by the ninth amendment"). As such, any Ninth Amendment claim also is futile. But this is not to foreclose Gallagher's right to travel claim entirely; the Court considers its viability in the context of other constitutional amendments.

## III. Fifth Amendment (Counts III and VII)

Gallagher also asserts with little explanation that the defendant officers' conduct violated the Due Process Clause of the Fifth Amendment. But the Fifth Amendment applies only to federal officials, and Gallagher has not named any here. *See generally Bolling v. Sharpe,* 347 U.S. 497 (1954).

## IV. Fourth and Fourteenth Amendments (Counts IV, V and VII)

***Counts IV and VII.*** In Counts IV and VII, Gallagher purports to allege a constitutional violation based on a bond restriction that prevented him from leaving the state of Illinois (where he works) and returning to the state of Indiana (where he lives) without leave of court.

The right to travel "embraces at least three different components:" (1) "the right of a citizen to enter and to leave another State;" (2) "the right to be treated as a

6

welcome visitor rather than an unfriendly alien when temporarily present in the second state;" and (3) "for those travelers who elect to become permanent residents [of the second State], the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). Gallagher's challenge appears to be directed at the first component; that is, the right to travel interstate. But while Gallagher points to the Fourteenth Amendment as the basis for his claim, the Supreme Court has specifically held that bond restrictions on travel are properly addressed under the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.").

According to Gallagher, not only did his bond restriction prevent him from leaving Illinois without leave of court, but also the court denied his request for reprieve from that restriction. *See* R. 61-1 at 11 (alleging that "the issue of the bond receipt . . . was brought up before the court by [Gallagher];" the court "ignored [Gallagher];" and Gallagher was "disallowed from travelling across the state line to go to his home so long as the case was pending."). The Seventh Circuit has suggested that such an allegation might suffice to state a claim for an unreasonable seizure under the Fourth Amendment. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) (holding that the travel restriction was "at most" a "precursor" to a possible seizure because the plaintiff did not claim that the court denied her request to travel). But because probable cause existed to stop and cite Gallagher on the two occasions in question, his "right to travel" claim based on restrictions imposed at the same is

7

futile.[1] [2] *See Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) ("probable cause is an absolute defense to claims under section 1983 against police officers for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention") (citing *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015)).

***Count V.*** For the same reason, Count V—in which Gallagher again complains of a Fourth Amendment violation for being stopped and cited without probable cause—also fails.

But the Court notes that Count V also might be construed as a claim for malicious prosecution. The Court previously dismissed Gallagher's Section 1983 claim for malicious prosecution with prejudice as non-cognizable. And although the Court permitted Gallagher to attempt to replead his claim for malicious prosecution under Illinois law, his proposed amended complaint does not include any state law claims. Defendants urge the Court to conclude that Gallagher abandoned his Illinois malicious prosecution claim. But given Gallagher's *pro se* status, the Court declines to do so.

---

[1] Further, while a constitutional violation may lie for certain egregious searches or seizures conducted *with* probable cause, the travel restriction at issue here does not rise to that level. *See Wren v. United States*, 517 U.S. 806, 818 (1996) (collecting examples, including seizure by means of deadly force, physical penetration of the body, unannounced entry into a home, and entry into a home without a warrant).

[2] To the extent Gallagher alleges that the ordinances for which he was cited or the traffic stops themselves violated his right to travel, such claims also would fail. *See Schor v. City of Chi.*, 675 F.3d 775, 780 (7th Cir. 2009) (holding that ordinance banning cell phone use "does not ban anyone's travel. It simply regulates the act of driving a motor vehicle, in the same way that a licensing system or vehicle registration does."); *see also Chavez v. Ill. State Police*, 251 F.3d 612, 649 (7th Cir. 2001) (traffic stops did not infringe on right to travel).

8

As this Court noted in its Dismissal Order, probable cause provides a complete defense to an Illinois malicious prosecution claim. *Grundhoefer v. Sorin*, 2018 WL 3359077, at *3 (Ill. App. Ct. 2018). But even if there is probable cause at the time of the arrest, a plaintiff still may proceed on a malicious prosecution claim against the arresting officer if he alleges a post-arrest action by the officer that influenced the prosecutor's decision to proceed after that officer learned that there was no probable cause. *Colbert v. City of Chi.*, 851 F.3d 649, 655 (7th Cir. 2017); *Adams v. Sussman & Hertzberg, Ltd.*, 684 N.E.2d 935, 945 (Ill. App. Ct. 1997). Here, other than to allege that "defendant Boyer was lying about everything he said on the witness stand" at the trial on Gallagher's speeding ticket, R. 61-1 at 8, Gallagher offers nothing but conclusory allegations about any post-arrest action by either named individual defendant (and he offers nothing whatsoever about the actions of the unknown officers or mayor). Lying on the stand is an insufficient basis for a malicious prosecution claim. *See Davis v. Fenimore*, 2010 WL 1489988, at *6 (N.D. Ill. Apr. 13, 2010) ("It is not enough that [the defendant] appears as a witness against the accused . . . and thereby aids in the prosecution of the charges which he knows to be groundless. His share in continuing the prosecution must be active, as by insisting upon or urging further prosecution.") (quoting Restatement (Second) of Torts § 655, Comment C (2009)). As such, any malicious prosecution claim also would be futile.

### V.     Criminal Conspiracy (Count VIII)

Last, Gallagher purports to bring a private cause of action under the federal criminal statute for conspiracy against rights, 18 U.S.C. § 241, citing defendants'

9

refusal to "stand down" despite losing the first case regarding his traffic tickets. But as the Court previously explained, there generally is no private right of action under criminal statutes unless specifically authorized. *Chapa v. Adams*, 168 F3d 1036, 1938 (7th Cir. 1999). And 18 U.S.C. § 241 contains no such authorization.[3]

## VI. Other Considerations

Finally, Defendants argue that amendment is not proper because Gallagher's deposition testimony called into question his truthfulness on his September 20, 2018 petition to proceed *in forma pauperis* ("IFP petition")—a petition the Court granted in part. On the one hand, Gallagher represented in his IFP petition that he was unemployed, had not received money over $200 in the preceding twelve months from any source, and neither he nor anyone he lived with owned any automobiles worth more than $1,000. R. 3. But in his deposition a year later Gallagher testified (among other things) that: he had been employed part-time with Ascribe Pharmaceuticals for "a couple of years;" he was also employed full time with Gallagher Engineering restoring antique cars; he was Gallagher Engineering's only officer or employee; he

---

[3] Gallagher's proposed amended complaint also refers in passing to violations of 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) and 42 U.S.C. § 1986 (neglect to prevent Section 1985 conspiracy) and bears some of the hallmarks of a claim against the Village under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). But to proceed on such claims, Gallagher must plausibly allege a constitutional violation. *See Schor v. City of Chi.*, 576 F.3d 775, 779 (7th Cir. 2009) ("In order to support [a *Monell*] claim, however, the plaintiff must begin by showing an underlying constitutional violation."); *see also Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017) ("Section 1983 does not reach a conspiracy to deny a civil right in the absence of an actual denial of such a right."). And he has not. Gallagher also purports to allege claims against the Village and/or its mayor under the doctrine of *respondeat superior* and vicarious liability. But neither doctrine applies to claims based on Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

10

did not know how many cars Gallagher Engineering owns, but it is "a lot;" he had "several cars" himself; and he did not know his income for 2017 or 2018, and could not say whether it was less than $1,000,000 or more than $0. R. 69, Ex. 2 at 32, 35-37, 65, 70, 121.

      28 U.S.C. § 1915 governs proceedings *in forma pauperis*, and provides that a court "shall dismiss the case at any time if the Court determines that the allegation of poverty [in the IFP petition] is untrue." *Weaver v. Borgwarner Trans. Sys., Inc.*, 673 F. Supp. 2d 669, 679 (N.D. Ill. 2009). The Court agrees with Defendants that Gallagher's deposition testimony suggests that certain representations he made in the IFP petition were untruthful. But more than that, Gallagher testified during his deposition that certain legal documents presented to him as exhibits included the word "veto" near what appeared to be his signature. According to Gallagher, that meant the document was "incorrect" or "fraudulent," or was meant to indicate "non agreement" with "anything on that document." *See* R. 69, Ex. 2 at 66, 69, 136. Gallagher's IFP petition in this case and in others he filed in this District also appears to include the handwritten word "veto" over Gallagher's signature. *See* R. 69, Exs. 3-7. Of course, any suggestion that writing the word "veto" on a legal document somehow renders any misrepresentations made therein inconsequential is incorrect, and doing so for that purpose is surely sanctionable. *See Montamo v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (A "district court has inherent authority to sanction conduct that abuses the judicial process."). But because the Court has already concluded that amendment of Gallagher's complaint is futile, it simply notes these

issues as a warning to Gallagher should he pursue any future litigation in this District (or otherwise).

## Conclusion

For the foregoing reasons, the Court denies Gallagher's motion to amend his complaint, R. 61, and dismisses this action with prejudice. Civil case terminated.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: March 15, 2021